423 A.2d 1299

**Viola DAVIS, Appellant,**

**v.**

**Ruth HUGHES, District Magistrate.**

Superior Court of Pennsylvania.

Argued Nov. 13, 1979.

Filed Jan. 9, 1981.

Randall Dicks, Waynesburg, for appellant.

H. Terry Grimes, Waynesburg, for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

VAN der VOORT, Judge:

This case originated with a complaint in trespass filed against a District Magistrate to recover $26 for damages suffered by plaintiff because of the Magistrate's illegal issuance and execution of process. The complaint alleged that plaintiff had filed with defendant a Surety of Peace charge against a third party and subsequently discontinued the action. The Magistrate's costs were placed upon plaintiff-prosecutrix on an agreed payment schedule of $6 on August 25, 1977 and the balance of $6 on September 25, 1977. The prosecutrix defaulted on the September payment. The complaint stated that in the middle of October 1977, defendant, through Greene County Constable Merle Kelly, threatened plaintiff with immediate arrest under an arrest warrant dated October 4, 1977 unless plaintiff paid the remaining $6, plus $20 for serving the arrest warrant (a total of $26). Under this threat, plaintiff paid the full $26, after borrowing the money. The complaint alleged that the issuance of the arrest warrant was in clear violation of the Pa.Rules of Criminal Procedure and the Due Process Clause of the 14th Amendment to the United States Constitution because the Magistrate had not held a hearing to determine plaintiff's ability to pay the $26.

The defendant filed Preliminary Objections, averring:

a) that Pa.R.Crim.P. 65 was addressed to the ability of defendants, not prosecutors, to pay fines and costs;

b) that plaintiff did not request a hearing on her ability to pay costs;

c) that plaintiff's payment of the $26 barred any claim for violation of due process; and

d) that the proper remedy, if any, for the restitution of the $26 should be in Assumpsit, not Trespass.

Briefs were submitted and the lower court sustained the Preliminary Objections and dismissed the Complaint. The lower court noted in its opinion that Rule 65 was intended to apply to defendants and not to prosecutors. The Rule is not applicable in surety cases. The installment payment arrangement of $6 per month negotiated by plaintiff with the assistance of her counsel was the equivalent of a hearing in the nature of an indigency hearing. The court below concluded that plaintiff and her counsel should reasonably have expected that a warrant "must and would surely follow" plaintiff's nonpayment of the last installment.

The plaintiff gave no notice that she was going to default in the last payment nor did she request an extension of time in which to pay it. She does not dispute that she owes the $26 to the District Magistrate. Her complaint is solely on the method used by her to collect it. At the times pertinent to the instant action, the District Justice was authorized to commit to jail persons ordered to pay costs until they were paid or until such person was discharged according to law. Act of March 18, 1909, P.L. 42, § 2, 19 P.S. § 25.[1]

The District Justice had the authority to impose and collect the costs; indeed, she had the duty to do so, and the manner in which she collected them was in accordance with the Acts of Assembly in effect at the time.

Order affirmed.

SPAETH and HOFFMAN, JJ., concur in the result.

1. Judiciary Act Repealer Act, Act of 1978, April 28, P.L. 202, No. 53, § 2(a) 42 P.S. § 20002(a)[916], repealed § 2 of the Act of 1909, effective June 27, 1978.